**Todd M. Friedman (216752)**
**Meghan E. George (274525)**
**Law Offices of Todd M. Friedman, P.C.**
**21550 Oxnard Street, Suite 780**
**Woodland Hills, CA 91367**
**Phone: 323-306-4234**
**Fax: 866-633-0228**
**tfriedman@attorneysforconsumers.com**
**abacon@attorneysforconsumers.com**
**Attorneys for Plaintiff**

*Attorneys for Plaintiff, TRACY THOMPSON and all others similarly situated*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACY THOMPSON, individually, and on behalf of other members of the general public similarly situated, | Case No. |
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| vs. | (1) Violation of Texas Deceptive Trade Practices Act (Tex. Bus. & Com. Code §§ 17.46, *et seq.*) |
| MAYVENN, INC., | (2) Common Law Fraud |
| Defendant. | (3) Unjust Enrichment |
| | **Jury Trial Demanded** |

Plaintiff TRACY THOMPSON ("Plaintiff"), individually and on behalf of all other members of the public similarly situated, allege as follows:

## PRELIMINARY STATEMENTS

1.      This is an action for damages, injunctive relief, and any other available legal or equitable remedies, for violations of the Texas Deceptive Trade Practices Act (Tex. Bus. & Com. Code § 17.46, *et seq.*), common law fraud, and unjust enrichment, resulting from the illegal actions of Defendant, in intentionally advertising its hair extension and wig products with false and misleading claims that the products can be colored and bleached, when in actual fact the products become damaged when dyed or bleached. Plaintiff alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction pursuant to 28 U.S.C. §1332(d), because the matter in controversy exceeds the sum or value of $5,000,000 exclusive of interest or costs and is a class action in which the members of the class are citizens of a State different from the Defendant.

3.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Defendant's principal place of business is in the Northern District of California.

## PARTIES

4.    Plaintiff is an individual who was at all relevant times residing in Mesquite, Texas.

5.    On information and belief, Defendant is a Delaware corporation whose principal place of business is located in Oakland, California.

6.    At all times relevant hereto, Defendant was engaged in the manufacturing, marketing, and sale of hair extension and wig products.

## FACTS COMMON TO ALL COUNTS

7.    Defendant manufactures, advertises, markets, sells, and distributes hair extension and wig products throughout California and the United States under brand name "Mayvenn Hair."

8.    During the Class Period the following list of products (the "Products") were advertised misleading claims that the products could be colored and bleached when in fact the products are damaged when colored or bleached:

      a.    Virgin Brazilian Loose Wave Lace Front Wig;

      b.    Virgin Malaysian Body Wave Lace Front Wig;

      c.    Virgin Brazilian Deep Wave Lace Front Wig;

      d.     Virgin Brazilian Straight Lace Front Wig;

      e.    Virgin Brazilian Loose Wave 360 Wig;

      f.    Virgin Brazilian Deep Wave 360 Wig;

g.    Virgin Brazilian Straight 360 Wig;

h.    Virgin Malaysian Body Wave 360 Wig;

i.    Edgy Edna Straight Top Lace Short Bob with Bangs Wig;

j.    Jazzy Jasmine Loose Wave Side Part Lace Bob Wig;

k.    Timeless Toni Straight Center Part Lace Short Bob Wig;

l.    Stylish Stony Straight Side Part Lace Short Bob Wig;

m.    King Keri Straight Side Part Lace Asymmetrical Bob Wig;

n.    Lavish Lola Body Wave Side Part Lace Wig;

o.    Trendy Tammi Deep Wave Center Part Lace Wig;

p.    Playful Peyton Straight Center Part Lace Lob Wig;

q.    Notorious Naomi Straight Top Lace with Bangs Wig;

r.    Virgin Brazilian Straight Bundle;

s.    Virgin Indian Straight Bundle;

t.    Virgin Peruvian Straight Bundle;

u.    Virgin Brazilian Yaki Straight Bundle;

v.    Virgin Peruvian Yaki Straight Bundle;

w.    Virgin Brazilian Kinky Straight Bundle;

x.    Virgin Peruvian Kinky Straight Bundle

y.    Virgin Malaysian Body Wave Bundle;

z.    Virgin Peruvian Body Wave Bundle;

aa.   Virgin Brazilian Loose Wave Bundle;

bb.   Virgin Peruvian Loose Wave Bundle;

cc.   Virgin Indian Loose Wave Bundle;

dd.   Virgin Brazilian Water Wave Bundle;

ee.   Virgin Peruvian Water Wave Bundle;

ff.   Virgin Brazilian Deep Wave Bundle;

gg.   Virgin Peruvian Deep Wave Bundle;

hh.   Virgin Brazilian Curly Bundle;

ii.   Virgin Peruvian Curly Bundle;

jj.   Virgin Brazilian Straight Lace Closure;

kk.   Virgin Peruvian Straight Lace Closure;

ll.   Virgin Indian Straight Lace Closure;

mm.   Virgin Brazilian Straight Silk Closure;

nn.   Virgin Peruvian Straight Silk Closure;

oo.   Virgin Peruvian Yaki Straight Lace Closure;

pp.   Virgin Brazilian Yaki Straight Lace Closure;

qq.   Virgin Peruvian Kinky Straight Lace Closure;

rr.   Virgin Brazilian Kinky Straight Lace Closure;

ss.   Virgin Peruvian Kinky Straight Silk Closure;

tt.   Virgin Brazilian Kinky Straight Silk Closure;

uu.    Virgin Malaysian Body Wave Lace Closure;

vv.    Virgin Peruvian Body Wave Lace Closure;

ww.    Virgin Malaysian Body Wave Silk Closure;

xx.    Virgin Peruvian Body Wave Silk Closure;

yy.    Virgin Peruvian Loose Wave Silk Closure;

zz.    Virgin Brazilian Loose Wave Lace Closure;

aaa.   Virgin Indian Loose Wave Lace Closure;

bbb.   Virgin Brazilian Loose Wave Silk Closure;

ccc.   Virgin Peruvian Loose Wave Silk Closure;

ddd.   Virgin Peruvian Water Wave Lace Closure;

eee.   Virgin Brazilian Water Wave Lace Closure;

fff.   Virgin Peruvian Deep Wave  Lace Closure;

ggg.   Virgin Brazilian Deep Wave Lace Closure;

hhh.   Virgin Brazilian Deep Wave Silk Closure;

iii.   Virgin Peruvian Deep Wave Silk Closure;

jjj.   Virgin Peruvian Curly Lace Closure;

kkk.   Virgin Brazilian Curly Lace Closure;

lll.   Virgin Peruvian Curly Silk Closure;

mmm.        Virgin Brazilian Curly Silk Closure;

nnn.   Virgin Peruvian Loose Wave Lace 360 Frontal;

ooo.   Virgin Brazilian Straight Lace 360 Frontal;

ppp.   Virgin Malaysian Body Wave Lace 360 Frontal;

qqq.   Virgin Peruvian Body Wave Lace 360 Frontal;

rrr.   Virgin Brazilian loose wave Lace 360 Frontal;

sss.   Virgin Peruvian Straight Lace 360 Frontal;

ttt.   Virgin Indian Straight Lace Frontal;

uuu.   Virgin Brazilian Yaki Straight Lace Frontal;

vvv.   Virgin Peruvian Loose Wave Lace Frontal;

www. Virgin Brazilian Straight Lace Frontal;

xxx.   Virgin Peruvian Water Wave Lace Frontal;

yyy.   Virgin Peruvian Body Wave Lace Frontal;

zzz.   Virgin Peruvian Straight Lace Frontal;

aaaa.  Virgin Brazilian Curly Lace Frontal;

bbbb.  Virgin Brazilian Water Wave Lace Frontal;

cccc.  Virgin Malaysian Body Wave Lace Frontal;

dddd.  Virgin Peruvian Deep Wave Lace Frontal;

eeee.  Virgin Peruvian Curly Lace Frontal;

ffff.   Virgin Peruvian Yaki Straight Lace Frontal;

gggg.  Virgin Brazilian Loose Wave Lace Frontal;

hhhh.  Virgin Brazilian Deep Wave Lace Frontal;

iiii.   Virgin Indian Loose Wave Lace Frontal;

jjjj.   Virgin Peruvian Kinky Straight Lace Frontal;

kkkk. Virgin Brazilian Kinky Straight Lace Frontal;

llll.   160g Straight Seamless Clip-Ins;

mmmm.      160g Yaki Straight Seamless Clip-Ins;

nnnn. 220 Straight Seamless Clip-Ins;

oooo. 220g Yaki Straight Seamless Clip-Ins;

pppp. 50g Straight Tape-Ins;

9.   During the Class Period Plaintiff purchased Defendant's products.

10.   Plaintiff's most recent purchase was during or about September 2019.

11.   All of the products were sold as being capable of being colored or bleached, when in fact the products become damaged and unusable when colored or bleached.

12.   Defendant's website also includes the following chart to describe the characteristics of its Products:



What *is* the difference between Virgin and Human hair extensions? We know – it can get pretty confusing. Between remy and non-remy, cuticle alignment, and wondering just how many heads of hair went into one bundle, there can be quite a lot to figure out. In order to make the world of hair extensions a little less daunting, we created this quick and easy guide for you to understand exactly what you're purchasing.

Comparing Our Hair

| | Virgin | Dyed Virgin |
|---|---|---|
| Is it unprocessed? | ✔ | |
| Can it be colored? | ✔ | |
| Can it be bleached? | ✔ | |
| Can it be worn for multiple installs? | ✔ | ✔ |
| 30-day guarantee? | ✔ | ✔ |

13.     However, as Plaintiff discovered first hand, Defendant's products do not have the above listed characteristics that Defendant advertises its products to have.

14.     The following picture was taken by Plaintiff before she attempted to dye the products she purchased:

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



15.     The following pictures were taken by Plaintiff after she attempted to dye the products she purchased:





16.    Persons, like Plaintiff herein, have an interest in purchasing products that do not contain false and misleading claims.

17.    By making false and misleading claims about their products Defendant impaired Plaintiff's ability to choose the type and quality of products she chose to buy.

18.    Therefore, Plaintiff has been deprived of her legally-protected interest to obtain true and accurate information about her consumer products as required by Texas and Federal law.

19.    As a result, Plaintiff has been misled into purchasing products she would not have otherwise purchased.

20.    Plaintiff purchased Defendant's products because Defendant's packaging claims that their products have the above listed characteristics.

21.    Plaintiff would not have been able to understand that the Products could not be used as advertised prior to purchasing the Products and discovering that they could not be used as advertised.

22.    Furthermore, due to Defendant's intentional, deceitful practice of falsely labeling the Products as capable of being colored and bleached, Plaintiff could not have known that the Products are damaged and unusable when colored or bleached.

23.    Plaintiff was unaware that the Products do not have the above listed features when she purchased them.

24.    Plaintiff and the Class were deceived into paying money for products they did not want because the Products were advertised as being capable of being colored and bleached.

25.    Plaintiff, the Class, and Sub-Class members, are not, and should not be, required to test the features of their consumer products.

26.    Defendant, and not Plaintiff, the Class, or Sub-Class, knew or should have known that the Products' express advertising stating the products could be colored and bleached was false, deceptive, and misleading, and that Plaintiff, the Class, and Sub-Class members would not be able to tell the Products do not have those features unless Defendant expressly told them, as required by law.

27.    On information and belief, Defendants through their employees did know that their Products do not have the above listed features.

28.    As a result of Defendants' acts and omissions outlined above, Plaintiff has suffered concrete and particularized injuries and harm, which include, but are not limited to, the following:

    a.    Lost money;

    b.    Wasting Plaintiff's time; and

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

  c.  Stress, aggravation, frustration, loss of trust, loss of serenity, and

loss of confidence in product labeling.

## **CLASS ALLEGATIONS**

  29. Plaintiff brings this action on behalf of herself and all others similarly

situated, as a member of the proposed class (the "Class"), defined as follows:

> All persons within the United States who purchased the
> Products within four years prior to the filing of this
> complaint through to the date of class certification.

  30. Plaintiff also brings this action on behalf of herself and all others

similarly situated, as a member of the proposed sub-class (the "Sub-Class"), defined

as follows:

> All persons within Texas who purchased the Products
> within four years prior to the filing of this complaint
> through to the date of class certification.

  31. Defendants, their employees and agents are excluded from the Class

and Sub-Class. Plaintiff does not know the number of members in the Class and Sub-

Class, but believes the members number in the thousands, if not more. Thus, this

matter should be certified as a Class Action to assist in the expeditious litigation of

the matter.

  32. The Class and Sub-Class are so numerous that the individual joinder of

all of their members is impractical. While the exact number and identities of their

members are unknown to Plaintiff at this time and can only be ascertained through

appropriate discovery, Plaintiff is informed and believes and thereon alleges that the Class and Sub-Class include thousands, if not millions of members. Plaintiff alleges that the class members may be ascertained by the records maintained by Defendant.

33.     This suit is properly maintainable as a class action pursuant to Fed. R. Civ. P. 23(a) because the Class and Sub-Class are so numerous that joinder of their members is impractical and the disposition of their claims in the Class Action will provide substantial benefits both to the parties and the Court.

34.     There are questions of law and fact common to the Class affecting the parties to be represented. The questions of law and fact common to the Class predominate over questions which may affect individual class members and include, but are not necessarily limited to, the following:

a.     Whether the Defendant intentionally, negligently, or recklessly disseminated false and misleading information by advertising that the products could be colored and bleached;

b.     Whether the Class and Sub-Class members were informed of the lack of the advertised features in the Products;

c.     Whether the Products have the features Defendant advertised them to have;

d.     Whether Defendant's conduct was unfair and deceptive;

e.      Whether Defendant unjustly enriched itself as a result of the unlawful conduct alleged above;

f.      Whether there should be a tolling of the statute of limitations; and

g.      Whether the Class and Sub-Class are entitled to restitution, actual damages, punitive damages, and attorney fees and costs.

35.    As a resident of the United States and the State of Texas who purchased the Products, Plaintiff is asserting claims that are typical of the Class and Sub-Class.

36.    Plaintiff has no interests adverse or antagonistic to the interests of the other members of the Class and Sub-Class.

37.    Plaintiff will fairly and adequately protect the interests of the members of the Class and Sub-Class. Plaintiff has retained attorneys experienced in the prosecution of class actions.

38.    A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all Class and Sub-Class members is impracticable. Even if every Class and Sub-Class member could afford individual litigation, the court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed. Individualized litigation would also present the potential for varying, inconsistent or contradictory judgments and would magnify the delay and expense

to all parties, and to the court system, resulting from multiple trials of the same complex factual issues. By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system and protects the rights of each class member. Class treatment will also permit the adjudication of relatively small claims by many class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

39.    The prosecution of separate actions by individual members of the Class and Sub-Class would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other class members not parties to such adjudications or that would substantially impair or impede the ability of such non-party class members to protect their interests.

40.    Plaintiff's claims and injuries are identical to the claims and injuries of all class and sub-class members, because all claims and injuries of all class and sub-class members are based on the same false advertising and same legal theory.

41.    Defendants have acted or refused to act in respect generally applicable to the Class and Sub-Class thereby making appropriate final and injunctive relief with regard to the members of the Class and Sub-Class as a whole.

42.     The size and definition of the Class and Sub-Class can be identified through records held by retailers carrying and reselling the Products, and by Defendant's own records.

### FIRST CAUSE OF ACTION
### Violations of the Texas Deceptive Trade Practices Act
### Tex. Bus. & Com. Code § 17.46, *et seq.*

43.     Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 42 above as if fully reiterated herein.

44.     Plaintiff is a "person" as defined in Tex. Bus. & Com. Code § 17.45(3), as she is a natural person.

45.     Defendant is a "person" as defined in Tex. Bus. & Com. Code § 17.45(3), as it is a corporation, and business entity and/or association.

46.     Tex. Bus. & Com. Code § 17.46(a) states:

> False, misleading, or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful and are subject to action by the consumer protection division under Sections 17.47, 17.58, 17.60, and 17.61 of this code.

47.     Tex. Bus. & Com. Code § 17.46(b) states, except as provided in Subsection (d) of this section, the term "false, misleading, or deceptive acts or practices" includes, but is not limited to, the following acts:

> (7) representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another;

…
(9) advertising goods or services with intent not to sell
them as advertised.

48.     Tex. Bus. & Com. Code § 17.50(a) states, a consumer may maintain an

action where any of the following constitute a producing cause of economic damages

or damages for mental anguish:

(1) the use or employment by any person of a false,
misleading, or deceptive act or practice that is:

(A) specifically enumerated in a subdivision of subsection (b)
of Section 17.46 of this subchapter; and
(B) relied on by a consumer to the consumer's detriment…

49.     Through its representation that the Products can be colored or bleached,

Defendants engaged in false, misleading, and deceptive acts, and the deceptive acts

constituted a producing cause of the damages suffered by Plaintiff and the Class and

Sub-Class Members, as they relied on Defendants' acts to their detriment.

50.     Tex. Bus. & Com. Code § 17.50(b) states, in a suit filed under this

section, each consumer who prevails may obtain:

(1) the amount of economic damages found by the trier of fact.
If the trier of fact finds that the conduct of the defendant
was committed knowingly, the consumer may also recover
damages for mental anguish, as found by the trier of fact,
and the trier of fact may award not more than three times
the amount of economic damages; or if the trier of fact
finds the conduct was committed intentionally, the
consumer may recover damages for mental anguish, as
found by the trier of fact, and the trier of fact may award

not more than three times the amount of damages for
mental anguish and economic damages;

(2) an order enjoining such acts or failure to act;

(3) orders necessary to restore to any party to the suit any
money or property, real or personal, which may have been
acquired in violation of this subchapter; and

(4) any other relief which the court deems proper, including
the appointment of a receiver or the revocation of a license
or certificate authorizing a person to engage in business in
this state if the judgment has not been satisfied within
three months of the date of the final judgment. The court
may not revoke or suspend a license to do business in this
state or appoint a receiver to take over the affairs of a
person who has failed to satisfy a judgment if the person
is a licensee of or regulated by a state agency which has
statutory authority to revoke or suspend a license or to
appoint a receiver or trustee. Costs and fees of such
receivership or other relief shall be assessed against the
defendant.

51.     In taking the actions and omissions set forth above, and engaging in

false, misleading, and deceptive acts set forth above, Defendants violated the Texas

Deceptive Trade Practices Act, including, but not limited to Tex. Bus. & Com. Code

§ 17.46.

52.     By reason thereof, Plaintiff, the Class, and Sub-Class Members are

entitled to a judgment against Defendants, declaring that Defendants' conduct

violated Tex. Bus. & Com. Code § 17.46, enjoining Defendants from engaging in

similar conduct in the future, and awarding actual damages, mental anguish

damages, costs, and treble damages.

**SECOND CAUSE OF ACTION**
**COMMON LAW FRAUD**

53.    Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 52 above as if fully reiterated herein.

54.    Through its false advertisements that the Products can be colored and bleached, Defendant made false statements of material fact.

55.    At the time Defendant made its statements that the Products can be colored and bleached to Plaintiff, it knew, or reasonably should have known, that the statements described above were false.

56.    At the time Defendant made the statements to Plaintiff, it intended to induce Plaintiff to purchase the Products.

57.    Plaintiff relied upon the truth of the statements described above and purchased the Products, only to find that the Products are damaged and unusable when colored or bleached.

58.    As a result of their reasonable reliance upon Defendant's false statements of material fact as set forth above, Plaintiff and other members of the Class and Sub-Class have suffered concrete and particularized injuries, harm and damages which include, but are not limited to, the loss of money spent on products they did not want to buy, and stress, aggravation, frustration, inconvenience, emotional distress, mental anguish, and similar categories of damages.

**FOURTH CAUSE OF ACTION**
**UNJUST ENRICHMENT**

59.     Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 58 above as if fully reiterated herein.

60.    Plaintiff conferred monetary benefits to Defendant by purchasing the Products.

61.   Defendant has been unjustly enriched by retaining the revenues derived from Plaintiff's purchase of the Products based on the false statement that the Products can be colored and bleached.

62.   Defendant's retention of the revenue it received from Plaintiff, the Class, and the Sub-Class is unjust and inequitable because Defendant's false statements caused injuries to Plaintiff, the Class, and the Sub-Class, because they would not have purchased the Products if they knew the Products do not contain the advertised features.

63.   Defendant's unjust retention of the benefits conferred on it by Plaintiff, the Class, and the Sub-Class entitles the Plaintiff, the Class, and the Sub-Class to restitution of the money they paid to Defendant for the Products.

## MISCELLANEOUS

64.   Plaintiff and Class Members allege that they have fully complied with all contractual and other legal obligations and fully complied with all conditions precedent to bringing this action or all such obligations or conditions are excused.

## REQUEST FOR JURY TRIAL

65.   Plaintiff requests a trial by jury as to all claims so triable.

## PRAYER FOR RELIEF

66.   Plaintiff, on behalf of herself and the Class, requests the following relief:

(a)   An order certifying the Class and appointing Plaintiff as Representative of the Class;

(a)   An order certifying the undersigned counsel as Class Counsel;

(b)   An order requiring Defendant, at its own cost, to notify all Class Members of the unlawful and deceptive conduct herein;

(c)   An order requiring Defendant to engage in corrective

advertising regarding the conduct discussed above;

(d)    Actual damages suffered by Plaintiff and Class Members as applicable or full restitution of all funds acquired from Plaintiff and Class Members from the sale of falsely advertised Class Products during the relevant class period;

(e)    Punitive damages, as allowable, in an amount determined by the Court or jury;

(f)    Any and all statutory enhanced damages;

(g)    All reasonable and necessary attorneys' fees and costs provided by statute, common law or the Court's inherent power;

(h)    Pre- and post-judgment interest; and

(i)    All other relief, general or special, legal and equitable, to which Plaintiff and Class Members may be justly entitled as deemed by the Court.

Dated:  August 5, 2020        Respectfully submitted,

LAW OFFICES OF TODD M. FRIEDMAN , PC


By: /s Todd. M. Friedman
TODD M. FRIEDMAN, ESQ.
Attorney for Plaintiff Tracy Thompson